## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

**GREGORY LUCE; AND**

**NICHOLAS NEWMAN**

      **Plaintiffs,**                               **Case No. 14-cv-46**

**v.**

                                                **COMPLAINT**
                                                **Civil Rights Action under**
                                                **42 U.S. C. § 1983**

**TOWN OF CAMPBELL, WISCONSIN;**

**TIM KELEMEN,**
**Individually and in his official capacity as**
**Chief of Police for Town of Campbell, Wisconsin; and**

**NATHAN CASPER,**
**Individually and in his official capacity as**
**police officer for the Town of Campbell Police**
**Department**

      **Defendants.**

---

## VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF AND DAMAGES PURSUANT TO 42 U.S.C. § 1983

---

Comes now Plaintiffs Gregory Luce and Nicholas Newman, pursuant to 42 U.S.C. § 1983, and asks this Honorable Court to provide redress for deprivations of constitutional rights they suffered at the hands of the Defendants.

### INTRODUCTION

1.  This is a civil rights complaint brought by Plaintiffs Gregory Luce and Nicholas Newman seeking redress for the deprivation of their constitutional rights caused by Defendants Town of Campbell, Wisconsin, Tim Kelemen, individually and in his official capacity as Chief

of Police for the Town of Campbell, Wisconsin, and Nathan Casper, individually and in his official capacity as an officer for the Town of Campbell Police Department.

2.   This case is about right of all Americans, not just Americans who hold popular religious and political viewpoints, to exercise free speech and free association within our traditional public fora.

3.   Defendants enacted an ordinance which eviscerates Plaintiffs' fundamental rights of free speech and peaceable assembly by making it unlawful and subjecting to fines speech and assembly which takes place on a pedestrian overpass in the Town of Campbell, Wisconsin (hereinafter "pedestrian overpass"), a forum which shares the same protections as a public sidewalk and constitutes a traditional public forum.

4.   Through Defendants' enforcement of the Town of Campbell Ordinance 9.12 (hereinafter "ordinance" or "Ordinance 9.12"), practices, and actions, Defendants have deprived and will continue to deprive Plaintiffs of their paramount rights and guarantees protected by the United States Constitution and actionable under 42 U.S.C. § 1983.

5.   All allegations herein relate to the ordinance, actions and practices of those entities, persons, their predecessors and/or successors while acting in capacity and representatives of the Town of Campbell, Wisconsin.  All acts alleged herein were committed by Defendants, each and every one of them, under the color of state law, and municipal authority.  Plaintiffs seek injunctive relief, declaratory relief, damages and attorney fees pursuant to 42 U.S.C. §§ 1983 and 1988.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.  The Court has jurisdiction over the request for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7.     Venue is proper in the Western District of Wisconsin, pursuant to 28 U.S.C. § 1391(b), as the claims arose in this district and all parties reside within the district.

## PLAINTIFFS

8.     Plaintiff Gregory Luce is a resident of La Crosse, Wisconsin.

9.     Gregory Luce is a Catholic.  Gregory Luce sincerely holds religious beliefs that life begins at the moment of conception.  As such, Gregory Luce holds a starkly different viewpoint from President Barack Obama on issues such as abortion, the limits of the Constitution, and the appropriate role of the Executive Branch.

10.     In order to spread his message, Gregory Luce helps to organize and participates in demonstrations to share with the public his religious message to respect life and oppose abortion, as well as share his political beliefs.

11.     Gregory Luce spreads his message through public demonstrations in areas where he has access to a significant numbers of passers-by and communicates his message in a peaceful manner.

12.     Gregory Luce uses the pedestrian overpass to expresses his views about his religious faith, educate the public about his views and about the interplay between contemporary social and the teachings of the Bible, express objection pursuant to his religious beliefs regarding activities contrary to the tenets of his faith, converse and counsel with individuals concerning faith, and engage in religious activities, such as praying.

3

13.     Gregory Luce's evangelism depends heavily on signage that is visible to the public.  As a consequence, he employs the use of signs and banners.

14.     Plaintiff Nicholas Newman is a resident of La Crosse, Wisconsin.

15.     Nicholas Newman is a patriotic citizen who enjoys displaying his patriotism and exercising patriotic speech by holding up the American flag.

16.     Both Gregory Luce and Nicholas Newman engage in speech activities on traditional public forums such as sidewalks and pedestrian overpasses within the Town of Campbell, Wisconsin.

## DEFENDANTS

17.     Defendant Town of Campbell, Wisconsin is a municipal governmental authority and a subdivision of the State of Wisconsin. Defendant Town of Campbell, Wisconsin is a municipal corporation with the right to sue and be sued.  The Town of Campbell and its officials are responsible for creating, adopting, and enforcing the rules, regulations, ordinances, laws, policies, practices, procedures, and/or customs for the Town of Campbell.

18.     The City and its officials are responsible for creating, adopting, approving, ratifying, and enforcing the ordinances, rules, regulations, policies, practices, procedures, and/or customs of the City, including the policies, practices, and procedures of its police department and ordinances as set forth in this Complaint.

19.     Defendant Tim Kelemen is the Chief of Police for the Town of Campbell, Wisconsin.  At all relevant times, he was an agent, servant, and/or employee of the City, acting under color of state law.  As the Chief of Police, Defendant Tim Kelemen is responsible for enforcement of the Town of Campbell's laws, ordinances and policies.  Defendant Tim Kelemen is sued individually and in his official capacity.

4

20.     Defendant Nathan Casper is an officer with the Town of Campbell's Police Department.  At all relevant times, he was an agent, servant, and/or employee of the City, acting under color of state law.   As an officer with the Town of Campbell's Police Department, Defendant Nathan Casper enforces the Town of Campbell's laws, ordinances, and policies. Defendant Nathan Casper is sued individually and in his official capacity.

## FACTUAL PREDICATE

21.     Beginning in early August of 2013, Gregory Luce and Nicholas Newman began using the pedestrian overpass in the Town of Campbell, Wisconsin as a forum for free speech and free association.

22.     The pedestrian overpass consists of only a sidewalk with fencing on either side. Unlike some overpasses, there is no public street immediately next to or contiguously adjoining the sidewalk.

23.     The pedestrian overpass is truly used as a public sidewalk.

24.     The pedestrian overpass arches across the width of the highway.

25.     The pedestrian overpass provides the Plaintiffs with an ideal forum which allows Plaintiffs to reach a large number of recipients from the general public with their message and which allows Plaintiffs to freely associate to discuss their message.

26.     Plaintiffs and their many supporters have demonstrated and associated on the pedestrian overpass managed by the Town of Campbell, Wisconsin because there is no similar location that will reach the same audience or the same amount of people.

27.     Plaintiffs demonstrated and associated on the pedestrian at least five times from August 2013-the beginning of October 2013 without incident.

28.     From August 2013-the beginning of October 2013, there was never any sort of traffic accident, regardless of how minor, that resulted from or was connected in any way to Plaintiffs' peaceful speech and association.

29.     Plaintiffs' peaceful speech and association poses no public safety risk.

30.     On October 8, 2013 in response to media attention surrounding demonstrators asking to impeach President Barack Obama, the Town of Campbell passed Ordinance 9.12, which states, "No person shall display, place, erect, post, maintain, install, affix, or carry any sign, flags, banners, pennants, streamers, balloons or any other similar item [on an Overpass]." Ordinance 9.12 also forbids the same type of activity "within one hundred (100) feet of any portion of a vehicular or pedestrian bridge."

31.     On October 24, 2013, Gregory Luce and a few supporters decided to voice their viewpoint and engage in expressive association by wearing t-shirts that collectively spelled out "IMPEACH" on one side and "OBAMA" on the backside.

32.     The demonstration was part of the National Overpasses for America movement which strongly critiques President Obama's performance in office, questions his honesty with the American Public and asks whether Congress should begin impeachment proceedings.

33.     Gregory Luce wished to demonstrate in connection to this national movement due to his sincere religious views regarding the protection of all human life and his concerns with President Obama's performance in the White House.

34.     Upon arriving at the pedestrian overpass, where Gregory Luce and his supporters wished to speak and associate, Defendant Nathan Casper ordered the group, including Gregory Luce, must leave the pedestrian overpass pursuant to Ordinance 9.12 or all of the individuals in

the group, including Gregory Luce, would be issued a citation.  Gregory Luce did as he was instructed, followed police orders, and left the area.

35.    On November 3, 2013, Gregory Luce was planning on demonstrating his Catholic views against abortion at a potential demonstration site that was within 100 feet of the Overpass in the public grassy area near the Days Inn Hotel.  However because the Town of Campbell Police Department are enforcing Ordinance 9.12, Gregory Luce could not consider that site nor could he reach his intended audience.

36.    On October 27, 2013, Nicholas Newman was on the overpass displaying the American Flag to express his pride for his country and the ideals upon which it was founded. Nicholas Newman received a citation for violating Ordinance 9.12 by Defendant Tim Kelemen for his display of the American Flag.

37.    On November 5, 2013, Gregory Luce and Nicholas Newman, through counsel, wrote Defendant Tim Kelemen and the Defendant Town of Campbell, through Chairman Scott Johnson, advising them in detail of the deprivation of their rights by policy and actions of the Town of Campbell Police Department and the Town of Campbell's Ordinance 9.12. Particularly, Gregory Luce and Nicholas Newman sought to ensure that future demonstrations would not be disrupted by unconstitutional actions or ordinances.  This request was ignored.

38.    Plaintiffs cannot engage in their desired expressive speech and association without violating or being cited under the Town of Campbell's Ordinance 9.12.

39.    Plaintiffs want to continue to engage in their desired expressive speech and association as they had been doing prior to the enactment of the Town of Campbell's Ordinance 9.12.

7

40.     The Town of Campbell's Ordinance 9.12 imposes an unconstitutional burden on Plaintiffs' constitutional rights.

41.     The Town of Campbell's Ordinance 9.12 does nothing to further public safety interests.

42.     The Town of Campbell's Ordinance 9.12 only serves to silence and foreclose Plaintiffs' speech and association, rendering Plaintiffs' unable to reach their intended audience with their message and viewpoint.

43.     The Town of Campbell's Ordinance 9.12 deprives Plaintiffs of their fundamental rights protected by the First and Fourteenth Amendments to the United States Constitution.

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF PLAINTIFFS' RIGHT TO**
**FREEDOM OF SPEECH**

44.     Plaintiffs hereby incorporate by reference all above-stated paragraphs.

45.     By reason of the aforementioned, Defendants' actions, ordinances, and laws created, adopted, and enforced under color of state law, Defendants have prohibited and continue to prohibit Gregory Luce and Nicholas Newman from exercising their right to engage in free speech in a traditional public forum in violation of the Free Speech Clause of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

46.     The actions and laws of Defendants as stated herein pose unconstitutional restrictions on Gregory Luce and Nicholas Newman's right to free speech.

47.     The actions and laws of Defendants as stated herein are not reasonable time, place and manner restrictions on Gregory Luce and Nicholas Newman's free speech rights.

8

48.     The actions and laws of Defendants as stated herein are not narrowly tailored to serve a significant governmental interest.

49.     The actions and laws of Defendants as stated herein do not adequately allow for alternative means of effective exercise of Gregory Luce and Nicholas Newman's free speech rights.

50.     As a direct and proximate result of the Defendants' actions and laws, Gregory Luce and Nicholas Newman are chilled and deterred from exercising their constitutionally protected free speech rights.

51.     As a direct and proximate result of the Defendants' actions and laws, Gregory Luce and Nicholas Newman have suffered, and continue to suffer, irreparable harm.

**SECOND CAUSE OF ACTION**<br>**VIOLATIONS OF PLAINTIFF GREGORY LUCE'S**<br>**RIGHT TO PEACEABLE ASSEMBLY**

52.     Plaintiffs hereby incorporate by reference all above-stated paragraphs.

53.     By reason of the aforementioned actions, ordinance, law, and policy of Defendants, Defendants have  prohibited and continue to prohibit Gregory Luce from engaging in peaceable assembly guaranteed by the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

54.     The actions and laws of Defendants as stated herein pose unconstitutional restrictions on Gregory Luce's right to peaceable assembly.

55.     Gregory Luce seeks to join with others in his efforts to share his message on pedestrian overpasses in the Town of Campbell.  For fear of arrest, he has refrained from participating in such assemblies.

56.     As a direct and proximate result of Defendants' actions and laws, Gregory Luce is chilled and deterred from exercising his right to peaceable assembly.

57.     As a direct and proximate result of Defendants' actions and laws, Gregory Luce has suffered, and continues to suffer, irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Gregory Luce and Nicholas Newman respectfully petition this Honorable Court to:

A.     Assume jurisdiction over this matter;

B.     Enter a judgment and decree declaring Defendants' actions and laws restricting Gregory Luce and Nicholas Newman's expression through engaging in free speech and free association on pedestrian overpasses and within 100 feet of pedestrian overpasses to be in violation of their right to free speech and peaceable assembly;

C.     Enter a preliminary and permanent injunction enjoining Defendants from applying and enforcing their unconstitutional ordinance(s) restricting signs and other forms of expression on pedestrian overpasses and within 100 feet of pedestrian overpasses in the Town of Campbell against Gregory Luce and Nicholas Newman;

D.     Award Gregory Luce and Nicholas Newman compensatory and/or nominal damages as set forth in this Complaint;

E.     Award Gregory Luce and Nicholas Newman their reasonable attorney fees, costs, and expenses pursuant to 42 U.S.C. § 1988 and other applicable law; and

F.     Grant any such further relief as the Court should find just and proper.

Respectfully submitted,

s/ Bernardo Cueto_____
BERNARDO CUETO
Attorney for Plaintiffs
WI State Bar No. 1076013
(admitted to Western District of Wisconsin)
700 3rd Street North, Suite LL5
La Crosse, WI 54601
(608) 797-8123

s/ Erin E. Mersino_____
ERIN E. MERSINO*
Attorney for Plaintiffs
THOMAS MORE LAW CENTER
24 Frank Lloyd Wright Drive
P.O. Box 393
Ann Arbor, MI 48106
(734) 827-2001
(734) 930-7160 (fax)
*Pro Hac Vice Pending

11

## VERIFICATION

State of Wisconsin          )
                            )      SS:
County of La Crosse         )

    Nicholas Newman, a citizen of the United States and resident of La Crosse, Wisconsin,

being first duly sworn according to law, deposes and states that he has read the foregoing

complaint, and that the statements contained therein are true and correct to the best of his

knowledge, information, and belief.

                                                                   NICHOLAS NEWMAN

Subscribed and sworn before me this
13th day of January, 2014
_____
Notary Public, State of Wisconsin
My Commission expires: Never

12

## VERIFICATION

State of Wisconsin          )
                            )     **SS:**
County of La Crosse         )

Gregory Luce, a citizen of the United States and resident of La Crosse, Wisconsin, being first duly sworn according to law, deposes and states that he has read the foregoing complaint, and that the statements contained therein are true and correct to the best of his knowledge, information, and belief.

GREGORY LUCE

Subscribed and sworn before me this
13th day of Januar 2014
Notary Public, State of Wisconsin
My Commission expires: Never

13