UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

**GREGORY LUCE; and**

**NICHOLAS NEWMAN**

      Plaintiffs,                       Case No. 14-cv-46

         v.                              FIRST AMENDED COMPLAINT

                                        Civil Rights Action under
                                        42 U.S. C. § 1983

**TOWN OF CAMPBELL, WISCONSIN;**

**TIMOTHY KELEMEN,**
**Individually and in his official capacity as**
**Chief of Police for Town of Campbell, Wisconsin; and**

**NATHAN CASPER,**
**Individually and in his official capacity as**
**police officer for the Town of Campbell Police**
**Department**

      Defendants.

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND DAMAGES PURSUANT TO 42 U.S.C. § 1983**

Plaintiffs Gregory Luce and Nicholas Newman (collectively referred to as "Plaintiffs") bring this civil rights and tort Complaint against the above-named Defendants, their employees, agents, and successors in office, and in support thereof allege the following upon information and belief:

### INTRODUCTION

1. First and foremost, this case seeks to protect and vindicate fundamental constitutional rights. It is a civil rights action brought under the First and Fourteenth

Amendments to the United States Constitution, 42 U.S.C. § 1983, and Wisconsin state law, seeking redress for the deprivation of their constitutional rights and violations of law caused by Defendants Town of Campbell, Wisconsin, Timothy Kelemen, individually and in his official capacity as Chief of Police for the Town of Campbell, Wisconsin, and Nathan Casper, individually and in his official capacity as an officer for the Town of Campbell Police Department.

2. This case is about the right of all Americans, not just Americans who hold popular religious and political viewpoints, to exercise free speech and free association within our traditional public fora.

3. This case is about the illegal and unconstitutional acts of Defendant Timothy Keleman, sued individually and in his official capacity as Chief of Police for the Town of Campbell, Wisconsin, who targeted Plaintiff Gregory Luce for exercising his constitutional freedoms and engaged in a bizarre pattern of identity theft and wrongful activity.

4. Defendants enacted an ordinance which eviscerates Plaintiffs' fundamental rights of free speech and peaceable assembly by making it unlawful and subjecting to fines speech and assembly which takes place on a pedestrian overpass in the Town of Campbell, Wisconsin (hereinafter "pedestrian overpass"), a forum which shares the same protections as a public sidewalk and constitutes a traditional public forum.

5. Through Defendants' enforcement of the Town of Campbell Ordinance 9.12 (hereinafter "ordinance" or "Ordinance 9.12"), practices, and actions, Defendants have deprived and will continue to deprive Plaintiffs of their paramount rights and guarantees protected by the United States Constitution and actionable under 42 U.S.C. § 1983.

6.     Allegations herein relate to the ordinance, actions and practices of those entities, persons, their predecessors and/or successors while acting in capacity and representatives of the Town of Campbell, Wisconsin.  All acts alleged herein were committed by Defendants, each and every one of them, under the color of state law, and municipal authority.  Plaintiffs seek injunctive relief, declaratory relief, damages and attorney fees pursuant to 42 U.S.C. §§ 1983 and 1988.  Plaintiffs also seek punitive damages for the reckless and callous indifference Defendants have displayed toward Plaintiffs' constitutional rights.

7.     Furthermore the allegations herein relate to the retaliation and wrongful actions committed by Defendant Timothy Keleman under the color of state law, and municipal authority both individually and in his official capacity as the Chief of Police.  For the claims specifically addressing Defendant Timothy Keleman's behavior and retaliation, Plaintiff Gregory Luce seeks injunctive relief, declaratory relief, damages and attorney fees pursuant to 42 U.S.C. §§ 1983, 1988, and applicable Wisconsin state law.  Plaintiff Gregory Luce also seek punitive damages for the reckless and callous indifference Defendant Timothy Keleman has displayed toward Plaintiff Gregory Luce's constitutional rights.

**JURISDICTION AND VENUE**

8.     The action arises under the Constitution and laws of the United States and the State of Wisconsin.  Jurisdiction is conferred on this court pursuant to 28 U.S.C. §§ 1331 and 1343.  This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

9.     Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C §§ 2201 and 2202, by Rule 57 and 65 of the Federal Rules of Civil Procedure, and by the general legal and equitable powers of this court.  Plaintiffs' claims for damages are authorized under 42

3

U.S.C. § 1983 and by the general legal and equitable powers of this court, as well as the laws of the State of Wisconsin.

10. Venue is proper in the Western District of Wisconsin, pursuant to 28 U.S.C. § 1391(b), as the claims arose in this district and all parties reside within the district.

## PLAINTIFFS

11. Plaintiff Gregory Luce is a resident of La Crosse, Wisconsin.

12. Gregory Luce is a Catholic. Gregory Luce sincerely holds religious beliefs that life begins at the moment of conception. As such, Gregory Luce holds a starkly different viewpoint from President Barack Obama on issues such as abortion, the limits of the Constitution, and the appropriate role of the Executive Branch.

13. In order to spread his message, Gregory Luce helps to organize and participates in demonstrations to share with the public his religious message to respect life and oppose abortion, as well as share his political beliefs.

14. Gregory Luce spreads his message through public demonstrations in areas where he has access to a significant numbers of passers-by and communicates his message in a peaceful manner.

15. Gregory Luce uses the pedestrian overpass to expresses his views about his religious faith, educate the public about his views and about the interplay between contemporary social and the teachings of the Bible, express objection pursuant to his religious beliefs regarding activities contrary to the tenets of his faith, converse and counsel with individuals concerning faith, and engage in religious activities, such as praying.

16. Gregory Luce's evangelism depends heavily on signage that is visible to the public. As a consequence, he employs the use of signs and banners.

17. Plaintiff Nicholas Newman is a resident of La Crosse, Wisconsin.

18. Nicholas Newman is a patriotic citizen who enjoys displaying his patriotism and exercising patriotic speech by holding up the American flag.

19. Both Gregory Luce and Nicholas Newman engage in speech activities on traditional public forums such as sidewalks and pedestrian overpasses within the Town of Campbell, Wisconsin.

**DEFENDANTS**

20. Defendant Town of Campbell, Wisconsin is a municipal governmental authority and a subdivision of the State of Wisconsin. Defendant Town of Campbell, Wisconsin is a municipal corporation with the right to sue and be sued. The Town of Campbell and its officials are responsible for creating, adopting, and enforcing the rules, regulations, ordinances, laws, policies, practices, procedures, and/or customs for the Town of Campbell.

21. The City and its officials are responsible for creating, adopting, approving, ratifying, and enforcing the ordinances, rules, regulations, policies, practices, procedures, and/or customs of the City, including the policies, practices, and procedures of its police department and ordinances as set forth in this Complaint.

22. Defendant Timothy Kelemen is the Chief of Police for the Town of Campbell, Wisconsin. At all relevant times, he was an agent, servant, and/or employee of the City, acting under color of state law. As the Chief of Police, Defendant Timothy Kelemen is responsible for enforcement of the Town of Campbell's laws, ordinances and policies. Defendant Timothy Kelemen is sued individually and in his official capacity.

23. Defendant Nathan Casper is an officer with the Town of Campbell's Police Department. At all relevant times, he was an agent, servant, and/or employee of the City, acting

5

under color of state law. As an officer with the Town of Campbell's Police Department, Defendant Nathan Casper enforces the Town of Campbell's laws, ordinances, and policies. Defendant Nathan Casper is sued individually and in his official capacity.

## FACTUAL PREDICATE

21. Beginning in early August of 2013, Gregory Luce and Nicholas Newman began using the pedestrian overpass in the Town of Campbell, Wisconsin as a forum for free speech and free association.

22. The pedestrian overpass consists of only a sidewalk with fencing on either side. Unlike some overpasses, there is no public street immediately next to or contiguously adjoining the sidewalk.

23. The pedestrian overpass is truly used as a public sidewalk.

24. The pedestrian overpass arches across the width of the highway.

25. The pedestrian overpass provides the Plaintiffs with an ideal forum which allows Plaintiffs to reach a large number of recipients from the general public with their message and which allows Plaintiffs to freely associate to discuss their message.

26. Plaintiffs and their many supporters have demonstrated and associated on the pedestrian overpass managed by the Town of Campbell, Wisconsin because there is no similar location that will reach the same audience or the same amount of people.

27. On August 6, 2013 at 8am, Plaintiff Gregory Luce, along with Carl Wiggert, and Jerry Miller displayed a banner on the pedestrian overpass. At 8:30am the same day, a La Crosse County Sheriff's deputy and two state patrol cars came to the pedestrian overpass. The deputy and state troopers discussed the matter and it was mentioned that the Department of Transportation did not have issue with the demonstration so long a no signs were hanging off the

overpass. Since Plaintiff Gregory Luce and the other individuals were not hanging anything off the overpass, the deputy and troopers left without issuing any citations.

28. On August 6, 2013 at 10am, Plaintiffs through counsel, spoke with Defendant Timothy Keleman regarding the demonstration of free speech on the pedestrian overpass. Two hours later, legal counsel for the Town of Campbell left a voicemail for Plaintiffs' counsel stating "as we speak your clients are being cited for the Campbell sign ordinance." A review of the ordinance revealed that the activity in question on August 6, 2013 did not violate the Town of Campbell's sign ordinance at that time.

29. On August 6, 2013 at 5:30pm, Town of Campbell Clerk Chad Hawkins called the 9-1-1 Emergency line from the Town of Campbell Town Hall complaining of protestors on the pedestrian overpass. Town Clerk Chad Hawkins told the 9-1-1- Emergency operator that demonstrators, which included Plaintiff Gregory Luce, had been warned not to be on the pedestrian overpass. A La Crosse County Sherriff's deputy walked across the pedestrian overpass to make sure no signs or banners were hanging off of the bridge. When the deputy saw that no signs or banners were hanging off of the bridge, the deputy left.

30. Plaintiffs demonstrated and associated on the pedestrian at least five times from August 2013 to the beginning of October 2013 without incident.

31. From August 2013 to the beginning of October 2013, there was never any sort of traffic accident, regardless of how minor, that resulted from or was connected in any way to Plaintiffs' peaceful speech and association.

32. Plaintiffs' peaceful speech and association poses no public safety risk.

33. Despite this fact on September 8, 2013, Defendant Timothy Keleman appeared at a Town of Campbell Board meeting. Plaintiff Gregory Luce was also present at the meeting as a

concerned citizen. Defendant Timothy Keleman discussed proposed Ordinance 9.12. Defendant Timothy Keleman read the proposed Ordinance 9.12 into the record.

34. On September 8, 2013, Defendant Timothy Keleman spoke out in favor of passing proposed Ordinance 9.12.

35. At the same Town of Campbell Board meeting on September 8, 2013, Plaintiff Gregory Luce spoke out against proposed Ordinance 9.12 and warned of its implications on free speech and free assembly to the board.

36. A month later on October 8, 2013, the Town of Campbell passed Ordinance 9.12, which states, "No person shall display, place, erect, post, maintain, install, affix, or carry any sign, flags, banners, pennants, streamers, balloons or any other similar item [on an Overpass]." Ordinance 9.12 also forbids the same type of activity "within one hundred (100) feet of any portion of a vehicular or pedestrian bridge."

37. On October 24, 2013, Gregory Luce and a few supporters decided to voice their viewpoint and engage in expressive association by wearing t-shirts that collectively spelled out "IMPEACH" on one side and "OBAMA" on the backside.

38. The demonstration was part of the National Overpasses for America movement which strongly critiques President Obama's performance in office, questions his honesty with the American Public and asks whether Congress should begin impeachment proceedings.

39. Gregory Luce wished to demonstrate in connection to this national movement due to his sincere religious views regarding the protection of all human life and his concerns with President Obama's performance in the White House.

40. Upon arriving at the pedestrian overpass, where Gregory Luce and his supporters wished to speak and associate, Defendant Nathan Casper ordered the group, including Gregory

Luce, must leave the pedestrian overpass pursuant to Ordinance 9.12 or all of the individuals in the group, including Gregory Luce, would be issued a citation. Gregory Luce did as he was instructed, followed police orders, and left the area.

41. On November 3, 2013, Gregory Luce was planning on demonstrating his Catholic views against abortion at a potential demonstration site that was within 100 feet of the Overpass in the public grassy area near the Days Inn Hotel. However because the Town of Campbell Police Department are enforcing Ordinance 9.12, Gregory Luce could not consider that site nor could he reach his intended audience.

42. On October 27, 2013, Nicholas Newman was on the overpass displaying the American Flag to express his pride for his country and the ideals upon which it was founded. Nicholas Newman received a citation for violating Ordinance 9.12 by Defendant Timothy Kelemen for his display of the American Flag.

43. On November 5, 2013, Gregory Luce and Nicholas Newman, through counsel, wrote Defendant Timothy Kelemen, Defendant Town of Campbell, and Chairman Scott Johnson, advising them in detail of the deprivation of their rights by policy and actions of the Town of Campbell Police Department and the Town of Campbell's Ordinance 9.12. Particularly, Gregory Luce and Nicholas Newman sought to ensure that future demonstrations would not be disrupted by unconstitutional actions or ordinances. This request was ignored.

44. On December 7, 2013, a rally was held on the pedestrian overpass. Defendant Tim Keleman and Defendant Officer Casper arrived on the scene. The officers issued citations for the Town of Campbell's Ordinance 9.12. However, the officers did not ask anyone to leave from the pedestrian overpass and did not ask anyone to take down or remove any signs or banners from the pedestrian overpass.

45. Plaintiffs cannot engage in their desired expressive speech and association without violating or being cited under the Town of Campbell's Ordinance 9.12.

46. Plaintiffs want to continue to engage in their desired expressive speech and association as they had been doing prior to the enactment of the Town of Campbell's Ordinance 9.12.

47. The Town of Campbell's Ordinance 9.12 imposes an unconstitutional burden on Plaintiffs' constitutional rights.

48. The Town of Campbell's Ordinance 9.12 does nothing to further public safety interests.

49. Defendants have silenced Plaintiffs' freedom of speech and thwarted Plaintiffs' freedom of assembly with callous indifference for Plaintiffs' constitutionally granted rights.

50. The Town of Campbell's Ordinance 9.12 permits billboards and other advertisements which appeal to passengers and drivers on the roadway.

51. The Town of Campbell's Ordinance 9.12 permits signs describing traffic and construction conditions which appeal to passengers and drivers on the roadway.

52. The Town of Campbell's Ordinance 9.12 only serves to silence and foreclose Plaintiffs' speech and association, rendering Plaintiffs' unable to reach their intended audience with their message and viewpoint.

53. The Town of Campbell's Ordinance 9.12 deprives Plaintiffs of their fundamental rights protected by the First and Fourteenth Amendments to the United States Constitution.

53. Plaintiff Gregory Luce has been the target of retaliation from Defendant Timothy Keleman.

54. On January 12, 2014, Plaintiff Gregory Luce received approximately fifteen (15) , telephone calls from various individuals regarding profiles and accounts created under his name from Match.com, MenChatLive.com, the Marine Corps, insurance companies, various dating websites for homosexual men, pornography websites featuring homosexual men, and the "Obamacare" website healthcare.gov.

55. Plaintiff Gregory Luce had not signed up for any of the profiles or accounts for which he was contacted, nor did he give anyone permission to use his personal identifying information to sign up for any of the profiles or accounts. The personal identifying information included Plaintiff Gregory Luce's name, address, telephone number, birth date, and email address.

56. On January 14, 2014, Defendant Timothy Keleman, under the username "Bill O'Reilly," posted on the La Crosse Tribune website Plaintiff Gregory Luce's home address. Defendant Timothy Keleman also made comments under the username "Bill O'Reilly" that Plaintiff Gregory Luce's trash cans were still out by the curb outside of his home two (2) days after trash pickup, and that the backyard to his home was a mess by the river that flowed contiguous to Plaintiff Gregory Luce's backyard.

57. Defendant Timothy Keleman, under the username "Bill O'Reilly," posted on the La Crosse Tribune website that "Greggy [Plaintiff Gregory Luce] disrespected the wrong mo fo."

58. Defendant Timothy Keleman, under the username "Bill O'Reilly," also posted on the La Crosse Tribune website that he was going to create a website to embarrass Plaintiff Gregory Luce, exposed embarrassing information pertaining to an allegation that Gregory Luce passed a bad check in the year 1987, frequently made false comments about Gregory Luce

11

wetting himself, and stated that "Perception is reality Greggy [Plaintiff Gregory Luce] . . . . perception is reality. Welcome to the internet."

59. On January 31, 2014, Plaintiffs formally, electronically filed their initial Complaint with the Court in the instant action.

60. On February 3, 2014, Defendant Timothy Keleman, under the username "Bill O'Reilly," posted approximately seven (7) inflammatory comments on the La Crosse Tribune website pertaining to Plaintiff Gregory Luce. On this day, Defendant Timothy Keleman, under the username "Bill O'Reilly," commented on the article on the La Crosse Tribune website which discussed this litigation titled "Overpass protesters sue Town of Campbell over sign ordinance."

61. Plaintiff Gregory Luce reported his concerns regarding the theft and unauthorized use of his personal identifying information to the La Crosse Police Department. *See* Exhibit 1.

62. A police investigation was conducted. Through the various websites, law enforcement was able to trace the internet provider addresses to both Defendant Timothy Keleman's work and home residence. Exhibit 1.

63. Defendant Timothy Keleman met with law enforcement. Defendant Timothy Keleman stated that Plaintiff Gregory Luce had filed a federal lawsuit against him. Exhibit 1.

64. When asked whether Defendant Timothy Keleman knew anything about the unauthorized use of Plaintiff Gregory Luce's personal information on the internet, Defendant Timothy Keleman said "do I know anything about it? No, I don't know anything about it." Exhibit 1.

65. Defendant Timothy Keleman blatantly lied to law enforcement. Exhibit 1.

66. After being confronted with the information that the unauthorized use of Plaintiff Gregory Luce's personal information traced back to the internet provider address of Defendant

Timothy Keleman, Defendant Timothy Keleman admitted to using Plaintiff Gregory Luce's personal information to sign him up for various websites without permission. Exhibit 1.

67. Defendant Timothy Keleman said that he would not deny using Plaintiff Gregory Luce's personal information and signing him up for various websites. Exhibit 1.

68. Defendant Timothy Keleman tried to rationalize his behavior by stating that he did not know his actions were illegal, despite being the Police Chief for the Town of Campbell. Exhibit 1.

69. Defendant Timothy Keleman also stated that he believed that his unauthorized use of Plaintiff Gregory Luce's personal identification information was a way to get back at Plaintiff Gregory Luce. Exhibit 1.

70. Defendant Timothy Keleman retaliated against Plaintiff Gregory Luce for Plaintiff Gregory Luce's criticism and statements to the Town Board pertaining to Ordinance 9.12 through making harassing comments on the La Crosse Tribune website and through the unauthorized use of Plaintiff Gregory Luce's personal identification information.

70. Defendant Timothy Keleman retaliated against Plaintiff Gregory Luce through making harassing comments on the La Crosse Tribune website and through the unauthorized use of Plaintiff Gregory Luce's personal identification information due to Plaintiff Gregory Luce's decision to file this cause of action.

71. Defendant Timothy Keleman retaliated against Plaintiff Gregory Luce with callous indifference for Plaintiff Gregory Luce's constitutionally granted rights.

72. As a result of the actions of the Defendants, Plaintiffs have suffered actual damages, compensatory damages, irreparable harm, injury, distress, and loss of earnings.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF PLAINTIFFS' RIGHT TO
## FREEDOM OF SPEECH

73. Plaintiffs hereby incorporate by reference all above-stated paragraphs.

74. By reason of the aforementioned, Defendants' actions, ordinances, and laws created, adopted, and enforced under color of state law, Defendants have prohibited and continue to prohibit Gregory Luce and Nicholas Newman from exercising their right to engage in free speech in a traditional public forum in violation of the Free Speech Clause of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

75. The actions and laws of Defendants as stated herein pose unconstitutional restrictions on Gregory Luce and Nicholas Newman's right to free speech.

76. The actions and laws of Defendants as stated herein are not reasonable time, place and manner restrictions on Gregory Luce and Nicholas Newman's free speech rights.

77. The actions and laws of Defendants as stated herein are not narrowly tailored to serve a significant governmental interest.

78. The actions and laws of Defendants as stated herein do not adequately allow for alternative means of effective exercise of Gregory Luce and Nicholas Newman's free speech rights.

79. As a direct and proximate result of the Defendants' actions and laws, Gregory Luce and Nicholas Newman are chilled and deterred from exercising their constitutionally protected free speech rights.

80. As a direct and proximate result of the Defendants' actions and laws, Gregory Luce and Nicholas Newman have suffered, and continue to suffer, irreparable harm.

## SECOND CAUSE OF ACTION
### VIOLATIONS OF PLAINTIFF GREGORY LUCE'S
### RIGHT TO PEACEABLE ASSEMBLY

81. Plaintiffs hereby incorporate by reference all above-stated paragraphs.

82. By reason of the aforementioned actions, ordinance, law, and policy of Defendants, Defendants have prohibited and continue to prohibit Gregory Luce from engaging in peaceable assembly guaranteed by the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

83. The actions and laws of Defendants as stated herein pose unconstitutional restrictions on Gregory Luce's right to peaceable assembly.

84. Gregory Luce seeks to join with others in his efforts to share his message on pedestrian overpasses in the Town of Campbell. For fear of arrest, he has refrained from participating in such assemblies.

85. As a direct and proximate result of Defendants' actions and laws, Gregory Luce is chilled and deterred from exercising his right to peaceable assembly.

86. As a direct and proximate result of Defendants' actions and laws, Gregory Luce has suffered, and continues to suffer, irreparable harm.

## THIRD CAUSE OF ACTION
### VIOLATIONS OF PLAINTIFF GREGORY LUCE'S
### RIGHT TO PETITION WITHOUT RETALIATION

87. Plaintiffs hereby incorporate by reference all above-stated paragraphs.

88. Plaintiff Gregory Luce began voicing his concerns with the Town of Campbell Ordinance 9.12 and its restrictions on free speech on or about September 8, 2013.

89. As a result of petitioning to the Town of Campbell Town Board and petitioning to this Court, Defendant Timothy Keleman has taken adverse action against Plaintiff Gregory Luce by posting harassing and threating comments about Plaintiff Gregory Luce on the internet and by using Plaintiff Gregory Luce's personal identifying information on the internet without authorization, consent, or permission.

90. Defendant Timothy Keleman's adverse action was taken because Plaintiff Gregory Luce petitioned to the Town of Campbell Town Board and sought redress from this Court through the filing of this lawsuit.

## FOURTH CAUSE OF ACTION
### INVASION OF PRIVACY, HIGH OFFENSIVE INTRUSION UNDER WIS. STAT. § 995.50(2)(a) FOR INTRUSION UPON PLAINTIFF GREGORY LUCE'S PRIVACY

91. Plaintiffs hereby incorporate by reference all above-stated paragraphs.

92. Defendant Timothy Keleman intentionally intruded upon the privacy of Plaintiff Gregory Luce.

93. Plaintiff Gregory Luce is a heterosexual, married man.

94. Defendant Timothy Keleman used Plaintiff Gregory Luce's personal identifying information for dating websites such as Match.com and various homosexual dating websites and for medical needs through healthcare and insurance websites.

95. Defendant Timothy Keleman also posted on the La Crosse Tribune website the address of Plaintiff Gregory Luce's home and descriptive information about his home, along with embarrassing allegations about Plaintiff Gregory Luce.

96. The intrusion by Defendant Timothy Keleman was of a nature that would be highly offensive to a reasonable person.

16

97. The intrusion was in a place that a reasonable person would consider private or in a manner involving trespass.

98. Due to Defendant Timothy Keleman's actions, Defendant Plaintiff Gregory Luce received several harassing and upsetting phone calls and emails.

99. Defendant Timothy Keleman intentionally invaded Plaintiff Gregory Luce's privacy to serve his motivations to punish, annoy, and harass Plaintiff Gregory Luce.

100. Defendant Timothy Keleman's actions were reckless for which punitive damages are appropriate.

101. As a result of the actions of the Defendant Timothy Keleman's actions, Plaintiff Gregory Luce has suffered actual damages, compensatory damages, irreparable harm, injury, distress, and loss of earnings.

**FIFTH CAUSE OF ACTION**
**CIVIL IDENTITY THEFT TORT UNDER WIS. STAT. §§ 943.201 AND 895.446 FOR THE UNAUTHORIZED THEFT OF GREGORY LUCE'S PERSONAL IDENTIFYING INFORMATION**

102. Plaintiffs hereby incorporate by reference all above-stated paragraphs.

103. Defendant Timothy Keleman used Plaintiff Gregory Luce's personal identifying information to obtain internet dating services and solicit medical needs such as insurance and healthcare, and to harm the reputation, property, person, or estate of Plaintiff Gregory Luce.

104. Defendant Timothy Keleman used Plaintiff Gregory Luce's personal identifying information without authorization, permission or consent.

105. Plaintiff Gregory Luce suffered damages and loss by reason of the intentional conduct of Defendant Timothy Keleman.

106. Defendant Timothy Keleman's actions were reckless for which punitive damages are appropriate.

107. As a result of the actions of Defendant Timothy Keleman's actions, Plaintiff Gregory Luce has suffered actual damages, compensatory damages, irreparable harm, injury, distress, and loss of earnings.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Gregory Luce and Nicholas Newman respectfully petition this Honorable Court to:

A. Assume jurisdiction over this matter;

B. Enter a judgment and decree declaring Defendants' actions and laws restricting Gregory Luce and Nicholas Newman's expression through engaging in free speech and free association on pedestrian overpasses and within 100 feet of pedestrian overpasses to be in violation of their right to free speech and peaceable assembly;

C. Enter a preliminary and permanent injunction enjoining Defendants from applying and enforcing their unconstitutional ordinance(s) restricting signs and other forms of expression on pedestrian overpasses and within 100 feet of pedestrian overpasses in the Town of Campbell against Gregory Luce and Nicholas Newman;

D. Enter a preliminary and permanent injunction enjoining Defendant Timothy Keleman's retaliatory actions toward Gregory Luce;

E. To award Plaintiffs punitive damages against Defendants sued in their individual capacity for all 42 U.S.C. § 1983 claims for the Defendants' callous indifference for the Plaintiffs' constitutional rights as set forth in this Complaint;

F. Award Gregory Luce and Nicholas Newman punitive, compensatory, and/or nominal damages as set forth in this Complaint;

G. Award Gregory Luce and Nicholas Newman their reasonable attorney fees, costs, and expenses pursuant to 42 U.S.C. § 1988 and other applicable law; and

H. Grant any such further relief as the Court should find just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury of all issues triable of right by a jury.

Respectfully submitted,

s/ Bernardo Cueto_____
BERNARDO CUETO
Attorney for Plaintiffs
WI State Bar No. 1076013
(admitted to Western District of Wisconsin)
700 3rd Street North, Suite LL5
La Crosse, WI 54601
(608) 797-8123

s/ Erin E. Mersino_____
ERIN E. MERSINO
Attorney for Plaintiffs
THOMAS MORE LAW CENTER
24 Frank Lloyd Wright Drive
P.O. Box 393
Ann Arbor, MI 48106
(734) 827-2001
(734) 930-7160 (fax)
*Pro Hac Vice*

## CERTIFICATE OF SERVICE

    I hereby certify that on June 6, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I certify that a copy of the foregoing has been served by ordinary U.S. Mail upon all parties for whom counsel has not yet entered an appearance electronically: None.

                                             *WIS*Lawyer LLC

                                             s/ Bernardo Cueto
                                             Bernardo Cueto