IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GREGORY LUCE and NICHOLAS
NEWMAN,

                    Plaintiffs,                    OPINION AND ORDER

  v.
                                                   14-cv-46-wmc

TOWN OF CAMPBELL, WISCONSIN,
TIM KELEMEN, and NATHAN CASPER,

                    Defendants.

---

Before the court is an unopposed motion by Community Insurance Corporation ("CIC") to intervene in this action, bifurcate the trial with respect to coverage and liability issues, and stay all proceedings not necessary to resolve insurance coverage issues, including discovery on the merits, pending a determining of insurance coverage with respect to the allegations set forth in the complaint. (Dkt. #34.) While the court will permit CIC to intervene in this action, the court will deny its request to bifurcate and stay other proceedings unrelated to coverage.

BACKGROUND

In this action plaintiffs Gregory Luce and Nicholas Newman allege that: (1) defendants the Town of Campbell, Wisconsin, its Chief of Police Timothy Kelemen, and one of its police officers, Nathan Casper, violated their rights under the First and Fourteenth Amendment; and (2) defendant Kelemen also violated Luce's privacy rights and engaged in civil theft in violation of Wisconsin state law. (Am. Compl. (dkt. #28).) Plaintiffs filed their original complaint on January 31, 2014. After conducting discovery,

plaintiffs filed an amended complaint on June 6, 2014, adding substantial new facts concerning Kelemen's conduct during the relevant period of time.

CIC issued a policy of public entity liability insurance to defendant Town of Campbell that covered the relevant period of time, July 4, 2013, to July 4, 2014. (Affidavit of David G. Bisek ("Bisek Aff.") (dkt. #36) ¶ 3; *id.*, Ex. A (dkt. #36-1).) Defendants tendered the defense of the claims asserted in plaintiffs' amended complaint to CIC. (Bisek Aff. (dkt. #36) ¶ 4.) CIC retained counsel to defend the Town of Campbell and Kasper as to the amended complaint, and retained separate counsel under a full reservation of rights to defend Kelemen. (*Id.* at ¶¶ 5-6.)

OPINION

I. Intervention

CIC seeks to interview as a matter of right pursuant to Federal Rule of Civil Procedure 24(a), which provides in pertinent part

> On timely motion, the court must permit anyone to intervene who:
>
> . . .
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Accordingly, to intervene as of right, CIC must satisfy four elements: (1) its motion must be timely; (2) it must have an interest relating to the property or transaction at issue in this case; (3) disposition of the action may impair or impede its ability to protect its

interest; and (4) no existing party adequately represents its interest. *Am. Nat'l Bank & Trust Co. of Chi. v. City of Chi.*, 865 F.2d 144, 146 (7th Cir. 1989). All four elements are met here.

*First*, "[t]he purpose of the [timeliness] requirement is to prevent a tardy intervenor from derailing a lawsuit within sight of the terminal." *Reid L. v. Ill. State Bd. of Educ.*, 289 F.3d 1009, 1018 (7th Cir. 2002) (quoting *Sokaogan Chippewa Community v. Babbitt*, 214 F.3d 941, 949 (7th Cir. 2000)). In determining whether a motion to intervene is timely, courts consider "(1) the length of time the intervenor knew or should have known of her interest in the case, (2) the prejudice caused to the original parties by the delay, (3) the prejudice to the intervenor if the motion is denied, and (4) any other unusual circumstances." *Id.* (citing *Ragsdale v. Turnock*, 941 F.2d 501, 504 (7th Cir. 1991)). Here, CIC filed its motion to interview approximately one month after plaintiffs filed the amended complaint raising issues as to whether the policy covers defendant Kelemen's actions. CIC's motion is therefore timely, and the other parties in this action will not be prejudiced, because the court will require CIC to adhere to the deadlines already established in this suit, no stay will be granted CIC to resolve the coverage dispute and no other unusual circumstances render its motion untimely.

*Second*, Rule 24(a)(2) requires that the "interest" of a putative intervenor "be a 'direct, significant, legally protectable' one" that is "something more than a mere 'betting' interest . . . but less than a property right[.]" *Sec. Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1380-81 (7th Cir. 1995) (internal citations omitted). This element, too, is easily met here. This court has held on more than one occasion that an insurance

company has such an interest based on its duty to defend, which under Wisconsin law is triggered by "arguable, as opposed to actual, coverage."[1] *United States v. Thorson*, 219 F.R.D. 623, 626 (W.D. Wis. 2003); *Int'l Paper Co. v. City of Tomah*, No. 00-C-539-C, 2000 WL 34230089 (W.D. Wis. Nov. 30, 2000).

*Third*, CIC has similarly demonstrated that its ability to protect its interest in this litigation would be impaired by having to incur the costs of defense and coverage depending on the disposition of this action. Of course, if CIC wishes to avoid unnecessary expenses in defending this action, it will have to bring an early, expedited motion for adjudication of its obligations to defend, as the court is disinclined to alter the ordinary progress of this case.

*Fourth*, CIC must show that no existing party can adequately protect its interest in this litigation. This requirement is satisfied "if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Lake Investors Dev. Grp., Inc. v. Egidi Dev. Grp.*, 715 F.2d 1256, 1261 (7th Cir. 1983) (quoting *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972)). Here, CIC has an interest in demonstrating that it need not incur the costs required to defend defendant Kelemen under the terms of the insurance policy, or alternatively, that it need not indemnify Kelemen for certain damages in the event he was found liable. No existing party will adequately represent that interest on CIC's behalf.

---

[1] The insurance policy CIC issued to the Town of Campbell was issued in Wisconsin (*see* Bisek Aff, Ex. A (dkt. #36-1)), and thus Wisconsin law applies. *Lexington Ins. Co. v. Rugg & Knopp, Inc.*, 165 F.3d 1087, 1091 (7th Cir. 1999).

**II. Bifurcation and Stay**

While this court is sympathetic to CIC's desire for immediate certainty, this court will once again decline to follow the Wisconsin state courts' practice of "offering" insurance companies the opportunity "to request a bifurcated trial on the issues of coverage and liability and move to stay any proceedings on liability until the issue of coverage is resolved." *Newhouse by Skow v. Citizens Sec. Mut. Ins. Co.*, 176 Wis. 2d 824, 836, 501 N.W.2d 1, 6 (1993); *see also B.A. v. Bohlmann*, No. 09-cv-346-wmc, 2010 WL 4065430, at *5-7 (W.D. Wis. Oct. 15, 2010) (denying Rule 54(b) certification and stay pending appeal of coverage determination). Offered is in quotes because failure to follow this procedure in Wisconsin state court could result in an insurance company being (1) barred from raising any defenses as to coverage and (2) held liable for a judgment in excess of policy limits. *Id.* at 838-39; 501 N.W.2d at 7.[2]

---

[2] Should CIC now refuse to finance Kelemen's further defense and a court were later to find a breach of the duty to defend, it is at least open to debate whether CIC would still be susceptible to such draconian consequences given its diligent and prompt efforts here to employ Wisconsin's procedure. *See Liebovich v. Minn. Ins. Co.*, 2008 WI 75, ¶ 55, 310 Wis.2d 751, 751 N.W.2d 764 ("A unilateral refusal to defend without first attempting to seek judicial support for that refusal can . . . stop insurers from being able to further challenge coverage."); *Newhouse*, 176 Wis. 2d at 836 ("[T]he proper procedure for an insurance company to follow when coverage is disputed is to *request* a bifurcated trial on the issues of coverage and liability and *move to stay* any proceedings on liability until the issue of coverage is resolved.") (emphasis added); *see also Carney v. Village of Darien*, 60 F.3d 1273, 1277 (7th Cir. 1995) ("An insured seeking a preliminary determination by the court on coverage *can* either request a bifurcated trial on the issues of coverage and liability, and move to stay any proceedings on liability until after the coverage issue is resolved, or seek a declaratory judgment to obtain a resolution of coverage prior to the liability trial.") (emphasis added).

In light of this case law, it is perhaps unsurprising that the other parties did not oppose CIC's motion. But a procedure adopted by Wisconsin courts does not relieve this court of its obligations under the Federal Rules of Civil Procedure. A federal court "is bound by state substantive law but applies its own procedural rules." *Wallace v. McGlothan*, 607 F.3d 410, 419 (7th Cir. 2010) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)).

Delaying the core issues surrounding liability to do nothing more than resolve a secondary issue in this case is unfair to the plaintiffs and, in any event, counter to this court's general policy to disallow stays. *See N.B. v. Wausau Sch. Dist. Bd. of Educ.*, 567 F. Supp. 2d 1055, 1056 (W.D. Wis. 2007) ("Although I understand the awkward position State Farm is in, this court is not in the habit of staying a case for months or even years while one insurance company seeks an appellate ruling on an issue that is tangential to the case. Doing so is unfair for plaintiffs and creates an unacceptable delay for the court."); *see also B.A.*, 2010 WL 4065430, at *5-7; *Estate of Watts v. Heine*, No. 07-CV-644, 2008 WL 4056317, at *2 (E.D. Wis. Aug. 25, 2008) (denying insurer's motion for bifurcation and stay).

Accordingly, while CIC has a right to intervene in this action, the court will not bifurcate coverage from liability and stay all other proceedings to decide the issues surrounding coverage first. Of course, CIC is free at any time to bring a motion on the issue of coverage, and the court will endeavor to promptly render a decision.

ORDER

IT IS ORDERED that:

1) Community Insurance Corporation's motion to intervene, bifurcate and stay (dkt. #34) is GRANTED IN PART AND DENIED IN PART. The request to intervene is granted, but in all other respects the motion is denied; and

2) Community Insurance Corporation's motion for hearing (dkt. #41) is DENIED AS MOOT.

Entered this 21st day of November, 2014.

BY THE COURT:


/s/

_____
WILLIAM M. CONLEY
District Judge