IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

GREGORY LUCE and NICHOLAS
NEWMAN,

                Plaintiffs,                              OPINION AND ORDER

      v.                                                    14-cv-046-wmc

TOWN OF CAMPBELL, WISCONSIN and
TIM KELEMEN,

                Defendants,

and

COMMUNITY INSURANCE CORPORATION,

                Intervening Defendant,

      v.

TOWN OF CAMPBELL, WISCONSIN and
TIM KELEMEN,

                Third-Party Defendants.
_____

      In a prior opinion granting summary judgment in favor of defendants on all but one of plaintiff Gregory Luce's federal claims, the court also explained its inclination to grant summary judgment as to Luce's remaining First Amendment retaliation claim on the grounds that defendant Tim Kelemen did not appear to be acting under color of state law with respect to the events giving rise to that claim.  (6/16/2015 Op. & Order (dkt. #127) 23-28.)  Before granting summary judgment, however, the court provided plaintiff an opportunity to respond as required by Federal Rule of Civil Procedure 56(f).  (*Id.* at

27.) Having reviewed plaintiff's response (dkt. #130), the court now finds as a matter of law that Kelemen was not acting under color of state law within the meaning of 42 U.S.C. § 1983. Therefore, the court will grant judgment to Kelemen as to Luce's First Amendment retaliation claim as well. Having disposed of plaintiffs' federal claims, the court will also decline to exercise its supplemental jurisdiction over Luce's two claims alleged against Kelemen under state law. *See Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999).

OPINION

In his response, Luce asserts arguments that the court already considered and rejected. Only two merit additional comment.[1] *First*, Luce contends that Kelemen was acting under color of state law because he was "on duty" and "used police department computers and Internet access." (Pl.'s Rule 56(f) Resp. (dkt. #130) 2.) As the Seventh Circuit has repeatedly instructed, however, the determination of whether an officer is acting under color of state law does not turn on whether he is on or off duty at the time of the alleged violation. "[A]cts committed by a police officer even while on duty and in uniform are not under color of state law unless they are in some way related to the performance of police duties." *Gibson v. City of Chi.*, 910 F.2d 1510, 1516 (7th Cir.

---

[1] Luce also points to evidence that Kelemen's actions were at least motivated in part by Luce's exercise of his First Amendment rights in opposing a town Ordinance. (Pl.'s Rule 56(f) Resp. (dkt. #130) 6-9.) While this may well be so, it is *not* material to the threshold question of whether Kelemen was acting under color of state law for reasons explained below. Moreover, plaintiff's reference to Kelemen's actions in researching overpass ordinances and proposing that the Town Board adopt the ordinance at issue (*id.* at 3) are also not material since these actions are not the conduct on which Luce relies in alleging a First Amendment retaliation claim.

1990) (quoting *Briscoe v. LaHue*, 663 F.2d 713, 721 n.4 (7th Cir. 1981) (internal citation and quotation marks omitted). That is why the alleged act of a fire chief in burning down the dilapidated, out-of-code house of a disgruntled citizen was found not to have been effectuated under the color of state law. *See Honaker v. Smith*, 256 F.3d 477, 484-85 (7th Cir. 2001) ("'[N]ot every action by a state official or employee is deemed as occurring "under color" of state law' . . . . Acts by a state officer are not made under color of state law unless they are related in some way to the performance of the duties of the state office.") (quoting *Hughes v. Meyer*, 880 F.2d 967, 971 (7th Cir. 1989)).

In determining whether Kelemen was acting under color of state law, the court instead considers "the nature of the specific acts" performed. *Latuszkin v. City of Chi.*, 250 F.3d 502, 505-06 (7th Cir. 2001) ("The important consideration, however, in determining whether an officer is acting under color of state law is the nature of the specific acts performed."); *see also Pickrel v. City of Springfield, Ill.*, 45 F.3d 1115, 1118 (7th Cir. 1995) ("Deciding whether a police officer acted under color of state law should turn largely on the nature of the specific acts the police officer performed, rather than on merely whether he was actively assigned at the moment to the performance of police duties."). As the court previously explained -- and to which plaintiff fails to offer any meaningful response -- the evidence does not support a finding, or even an inference, that Kelemen used or displayed his police powers, or otherwise invoked his authority as sheriff, to carry out any of the alleged retaliatory acts. (*See* 6/16/15 Op. & Order (dkt. #127) 25.) Quite to the contrary, Kelemen was actively hiding his identity. This included not using his authority or position in order to gather the necessary personal

information to sign Luce up for websites or to comment on online forums without a trace back to the Town, Police Department or him. (*Id.*) Of course, this does not mean that what Kelemen did was legal, simply that what he did is not actionable under § 1983.

Finally, Kelemen did not act under color of state law by use of a police department computer or internet access. As this court previously explained, courts that found the defendant acted under color of law by his or her use of public resources focused on access to information *peculiar to the defendant's position*. (*Id.*) Absent a leveraging of one's public position, there is no state action. Indeed, the *Haines* case cited in the court's prior opinion and order provides an extreme example of use of police department resources for acts outside of the scope of § 1983. (*Id.* at 26 (citing *Haines v. Fisher*, 82 F.3d 1503, 1505-06 (10th Cir. 1996)).) Here, too, there is no dispute that Kelemen used the police department's computer and internet access to review publically-available information. However far he fell short of the expectations of a professional police officer, much less the standards of a supervising officer, he did not act under color of state law.

*Second*, Luce contends that Kelemen was acting under color of state law because his retaliatory conduct "related in some way to the performance of a police duty." (Pl.'s Rule 56(f) Resp. (dkt. #130) 4 (quoting *Gibson*, 910 F.2d at 1516-17).) Even inferring that Kelemen's *motivation* in engaging in the retaliatory acts was somehow job-related -- in other words, he sought to distract Luce from his efforts to harass police officers or to rally opposition to the Ordinance, rather than a juvenile attempt at revenge -- the court's focus in determining whether Kelemen acted under color of state law must be on the nature of

Kelemen's *actions*, just as it was the focus of the Seventh Circuit in considering the actions of a fire chief who set fire to a house in *Honaker*.

That Kelemen may have believed he was acting in his employer's interest -- misguided as that belief would have been -- is not enough to find that his actions fall under the color of state law.  *See Ector v. Powell*, No. IP-00-20-C-B/S, 2002 WL 356704, at *4 (S.D. Ind. Mar. 1, 2002) ("The color of law analysis does not turn on the desires or motivating factors, but on the means by which the constitutional injuries are carried out."); *cf. Walker v. Taylorville Corr. Ctr.*, 129 F.3d 410, 414 (7th Cir. 1997) (relying on the fact that defendant was able to take certain actions "solely because of the position of authority she enjoyed," and disregarding defendant's argument that actions were taken "in pursuit of her own interest"); *Simmons v. City of Evanston*, No. 89 C 9421, 1992 WL 25712, at *8 (N.D. Ill. Jan. 31, 1992) (concluding that officer acted under color of state law "even though motivation was personal," because "in order to accomplish his desired result, he invoked the authority of his office"); *Grimball v. New Orleans City*, No. 10-3657, 2012 WL 1397678, at *10 (E.D. La. Apr. 23, 2012) ("Although a private pursuit by a police officer does not constitute state action, the reasons motivating an officer's actions are generally irrelevant.  Therefore, the Court focuses not on the subjective intent of [defendant] in allegedly plotting the confrontation with [plaintiff], but rather focuses upon the content of [defendant's] actions and their context in relation to [plaintiff]." (internal citation omitted)).

For all of these reasons, the court concludes that no reasonable jury could find that Kelemen's actions fall under color of state law. Therefore, the court will grant judgment to Kelemen on Luce's First Amendment retaliation claim.

This leaves only plaintiff's request that the court exercise supplemental jurisdiction over his state law claims. The court will decline that request for at least two reasons. First, the focus of the court's opinions to date have been on the legal merits of plaintiffs' First Amendment claims. While this court is now familiar with the facts surrounding plaintiff Luce's state law claims, the record is largely undisputed and not at all complex. Accordingly, a state court should have no problem becoming familiar with those facts. Second, the state law claims appear to turn on questions peculiar to state law. For example, a state court is in the best position to apply the notice requirement of Wis. Stat. § 893.80, as well as define the scope of the privacy interests covered by Wis. Stat. § 995.50(2)(a). Consequently, the state court system is in a better position than this court in deciding the merits of those claims.

ORDER

IT IS ORDERED that:

1) Defendant Tim Kelemen's motion for summary judgment (dkt. #65) is GRANTED as to (a) plaintiff Gregory Luce and Nicholas Newman's First Amendment free speech and freedom of assembly claims (first and second causes of action in the amended complaint) and (b) plaintiff Gregory Luce's First Amendment retaliation claim, and DENIED AS MOOT in all other respects.

2) Plaintiffs Gregory Luce and Nicholas Newman's motion for summary judgment (dkt. #75) is DENIED as to (a) plaintiffs' First Amendment free speech and freedom of assembly claims (first and second causes of action in the

amended complaint) and (b) plaintiff Gregory Luce's First Amendment retaliation claim, and DENIED AS MOOT in all other respects.

3) The court declines to exercise its supplemental jurisdiction over plaintiff Gregory Luce's state law claims. Those claims are DISMISSED WITHOUT PREJUDICE.

Entered this 2nd day of July, 2015.

BY THE COURT:

/s/

_____
William M. Conley
District Judge