IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

GREGORY LUCE and NICHOLAS NEWMAN,

          Plaintiffs,

v.

TOWN OF CAMPBELL WISCONSIN,

          Defendant.

OPINION AND ORDER

14-cv-046-wmc

Plaintiffs Gregory Luce and Nicholas Newman brought this suit under 42 U.S.C. § 1983 against defendant the Town of Campbell, challenging the constitutionality of an ordinance prohibiting signs, banners, flags and other similar items on or within 100 feet of a pedestrian bridge or overpass. This court granted summary judgment in favor of defendants, holding that the ordinance was a reasonable time, place and manner restriction on plaintiffs' First Amendment rights. (6/16/15 Op. & Order (dkt #127).) Plaintiffs appealed, and the Court of Appeals for the Seventh Circuit affirmed in part and reversed in part, vacating this court's judgment with respect to the plaintiff's challenge to the 100-foot buffer zone and remanding the case for further proceedings as to that challenge. *Luce v. Town of Campbell*, 872 F.3d 512 (7th Cir. 2017). On remand, the court found that the Town had not met its burden of demonstrating that the 100-foot buffer zone is narrowly tailored to serve a significant government interest, resulting in its amending the judgment to enjoin the enforcement of the ordinance with respect to the 100-foot buffer zone. (3/29/19 Op. & Order (dkt. #196); Am. Judgment (dkt. #197).)

In response to that amended judgment, plaintiffs filed a motion pursuant to 42

U.S.C. § 1988, seeking attorneys' fees in the amount of $235,256.00 and costs in the amount of $22,366.03, and also requesting $1 in nominal damages. (Dkt. #203.) Plaintiffs also filed a bill of costs pursuant to Federal Rule of Civil Procedure 54(d), seeking $10,507.20. (Dkt. #198.) Given the limited success of this lawsuit, the court will award 20% of the fees, expenses and costs requested as set forth in detail below, along with an award of $1 in nominal damages.

OPINION

**I. Attorneys' Fees and Costs Under 42 U.S.C. § 1988(b)**

Title 42 U.S.C. § 1988(b) provides in pertinent part:

> In any action or proceeding to enforce a provision of section[] . . . 1983 . . . of this title, . . . , the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs[.]

Here, plaintiffs prevailed on a limited portion of their First Amendment claim, finding that the Town failed to demonstrate that the 100-foot buffer zone was narrowly tailored to serve the Town's interest in highway safety, but judgment was entered in *defendant's* favor on the bulk of plaintiffs' First Amendment claim -- namely, that the Town's speech restriction on the overpass itself was a reasonable time, place and manner restriction -- and on plaintiffs' First Amendment retaliation claim. Against this backdrop, defendant reasonably argues that plaintiffs are not entitled to an award of attorneys' fees and costs, or if entitled to such an award, the court should discount significantly the amount requested to reflect plaintiffs' modest victory.

In *Farrar v. Hobby*, 506 U.S. 103 (1992), the United States Supreme Court

considered the meaning of "prevailing parties" under 42 U.S.C. § 1988, reiterating its prior holding that "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Id.* at 109 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). In turn, the Court also explained that the judgment must "affect[] the behavior of the defendant toward the plaintiff" or "changes the legal relationship between" the parties. *Id.* at 110 (quoting *Rhodes v. Stewart*, 488 U.S. 1, 4 (1988) (*per curiam*); *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989)).

Here, the court agrees with plaintiffs that the enjoining of the portion of the Ordinance prohibiting signs in the 100-foot buffer zone of overpasses changes the legal relationship between the parties, thus triggering "prevailing party" status for plaintiffs under § 1988. This conclusion, however, does not entitle plaintiffs' counsel to the full amount of their lodestar. In other words, while the Supreme Court has recognized that "the *degree* of the plaintiff's success does not affect eligibility for a fee award," "the degree of the plaintiff's overall success goes to the reasonableness of a fee award." *Farrar*, 506 U.S. at 114 (quotation marks omitted) (citing *Garland Indep. Sch. Dist.*, 489 U.S. at 790; *Hensley*, 461 U.S. 424). Indeed, the Supreme Court has explained that the degree of success is "'the most critical factor' in determining the reasonableness of a fee award." *Id.* at 114 (quoting *Hensley*, 461 U.S. at 436).

The Seventh Circuit instructs that in reducing an attorney's fee award to reflect the time devoted to "the successful portion of the litigation," a district court judge may calculate a lodestar rate based on the hours actually devoted to the winning claims.

3

*Richardson v. City of Chi.*, 740 F.3d 1099, 1103 (7th Cir. 2014). However, "when the lawyer's billing records do not permit time to be allocated between winning and losing claims, estimation is inevitable." *Id.* Often, a precise estimation is not possible; in which case, "there is nothing to do but make an across-the-board reduction that seems appropriate in light of the ration between winning and losing claims." *Id.* (citing *Hensley*, 461 U.S. at 436-37). Indeed, in *Richardson*, the Seventh Circuit affirmed the district court's decision to reduce the lodestar request by roughly 80% in light of the modest success counsel had achieved for the plaintiff, with the jury awarding him only nominal damages of $1 plus $3,000 in punitive damages. *Id.* at 1101, 1103. In two even more recent cases, the Seventh Circuit affirmed reductions of 50%, *see Sommerfield v. City of Chi.*, 863 F.3d 645, 650-52 (7th Cir. 2017), and 70%, *see World Outreach Conference Ctr. of City of Chi.*, 896 F.3d 779, 783-84 (7th Cir. 2018), to reflect limited success. In *World Outreach Conference Center*, the Seventh Circuit noted that there is "no particular algorithm for making such reductions to the lodestar." 896 F.3d at 783-84.

Here, defendant contends that the court should award no fees, pointing to cases in which the court has determined that an award of nominal damages does not warrant an award of attorney's fees. (Def.'s Opp'n (dkt. #213) 6.) However, the court is not relying on plaintiffs' request of $1 in nominal damages -- addressed below -- but instead on the court's entry of a permanent injunction (albeit limited in scope) to find that plaintiffs are entitled to an award under § 1988. *See Hyde v. Small*, 123 F.3d 583, 584 (7th Cir. 1997) (explaining that a plaintiff likely needs "decreed declaratory or injunctive relief" or some other substantial benefit for fees when only nominal damages are awarded).

In the alternative, defendant proposes that the court should discount plaintiff's fee request by 90% to account for the very limited relief plaintiffs achieved through this lawsuit. The court agrees with defendant that a substantial discount is warranted here given: (1) the very limited scope of relief achieved in this lawsuit; (2) plaintiffs' focus on enjoining the Ordinance with respect to the overpass itself, rather than simply the buffer zone; and (3) the loss of plaintiffs' related First Amendment retaliation claim. As defendant points out, a cursory review of plaintiffs' briefing on the first round of summary judgment motions, their appeal to the Seventh Circuit, and their unsuccessful attempt for further review by the United States Supreme Court demonstrates that plaintiffs "were aiming high and fell far short, in the process inflicting heavy costs on [their] opponent and wasting the time of the court." *Hyde*, 123 F.3d at 585. As such, the court agrees that an 80% deduction in their request is warranted. Accordingly, the court will award attorneys' fees in the amount of $47,051.20.[1]

As for plaintiffs' motion for reimbursement of out-of-pocket expenses, for the same reasons articulated above, the court will similarly discount those costs by the same 80% deduction, awarding $4,473.21.[2] In doing so, the court notes that certain of the expenses

---

[1] Defendant also challenges the calculated lodestar, pointing to inefficiencies, including redundant time by local counsel, specifically as compared to the hours spent on this case by defendant's counsel, roughly 40% less than that by plaintiffs' attorneys. (Def.'s Opp'n (dkt. #213) 2 n.1, 10-14.) While these arguments may have merit, the court also notes that plaintiffs' counsel's hourly rate of $200 is certainly on the low end of the market rate. Moreover, given the court's 80% across-the-board reduction, the court opts not to exclude specific line items.

[2] The court similarly opts not to address defendant's challenges to specific out-of-pocket items, other than to note that travel time falls within "expenses of litigation that are distinct from either statutory costs or the costs of the lawyer's time reflected in his hourly billing rates" and "are part of the reasonable attorney's fee allowed by [section 1988]." *Heiar v. Crawford Cty., Wis.*, 746 F.2d 1190, 1203 (7th Cir. 1984).

should not be reimbursable at all, namely the costs associated with plaintiffs' writ of certiorari petition to the United States Supreme Court. Such a reduction, therefore, appropriately limits plaintiffs' costs to those tied to the narrow scope of their actual victory.

## II. Bill of Costs

Plaintiffs also seek $10,507.20 for costs under Federal Rule of Civil Procedure 54(d)(1). These costs were not included in the expenses sought under § 1988. Federal Rule of Civil Procedure 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." "For the purposes of Rule 54, a party is deemed 'prevailing' if it prevails as to a *substantial* part of the litigation." *Baker v. Lindgren*, 856 F.3d 498, 502 (7th Cir. 2017) (citing *Testa v. Vill. of Mundelein, Ill.*, 89 F.3d 443, 447 (7th Cir. 1996)); *see also Baker*, 856 F.3d at 503 ("[T]he standard for determining a prevailing party under section 1988 is different" than that applied under Rule 54(d). Given the very narrow scope of plaintiffs' victory, the court concludes that for purposes of reimbursement of costs under Rule 54, plaintiffs are *not* the prevailing party in substantial part. *See Baker*, 856 F.3d at 502 (noting that "in a case with mixed results, [the district court] retains especially broad discretion to award or deny costs"). As such, the court declines to award costs under that rule.

That said, plaintiffs could have sought reimbursement of those costs as part of the § 1988 petition. The court, therefore, will award 20% of those costs, in other words, $2,101.44 as an additional award under § 1988.

### III. Nominal Damages

Plaintiffs also seek an award of $1 in nominal damages. Plaintiffs do not explain the basis for this request, but the court infers that plaintiffs' request is motivated by the Supreme Court's holding in *Farrar v. Hobby* that "a plaintiff who wins nominal damages is a prevailing party under § 1988." 506 U.S. at 112. For the reasons explained above, the amended judgment materially alters the parties' legal relationship by permanently enjoining "the Town from enforcing Ordinance 912.2(2)" as far as barring signs within the 100-foot buffer zone. As such, plaintiffs do not need an award of $1 nominal damages as a "hook" for seeking attorneys' fees. *See Hyde*, 123 F.3d at 584 (explaining that a plaintiff likely needs "decreed declaratory or injunctive relief" or some other substantial benefit for fees when only nominal damages are awarded). Regardless, because the Town does not oppose this request and because an award of nominal damages is appropriate as recognition of a violation of constitutional rights, *see Calhoun v. DeTella*, 319 F.3d 936, 942 (7th Cir. 2003), the court will grant that request.

ORDER

IT IS ORDERED that:

1) Plaintiffs' motion for attorney fees, costs, expenses and nominal damages (dkt. #203) is GRANTED IN PART AND DENIED IN PART. Plaintiffs are awarded $53,625.85 in attorneys' fees and costs under 42 U.S.C. § 1988(b). Plaintiffs are also awarded $1 in nominal damages.

2) Plaintiffs' bill of costs (dkt. #198) is otherwise DENIED.

3) The clerk's office is directed to enter an amended judgment consistent with this order.

Entered this 9th day of January, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge